IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CYRUS RAMBO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 118-169 |
| | ) | |
| GREGORY C. DOZIER, Commissioner, | ) | |
| Georgia Department of Corrections,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED**, Petitioner's motion for discovery and production of documents be **DENIED AS MOOT**, (doc. no. 3), and this civil action be **CLOSED**.

**I.   BACKGROUND**

Petitioner reports he was convicted in 2000 in the Superior Court of Richmond County, Georgia aggravated assault, armed robbery, and possession of a firearm. (Doc. no. 1, p. 1.) The Georgia Court of Appeals affirmed his convictions on May 4, 2004. (Id. at 2.);

---

[1]Because Petitioner is currently incarcerated at Riverbend Correctional Facility, a private prison operated by a corporation pursuant to a contract with the Georgia Department of Corrections, the Court **DIRECTS** the Clerk to substitute Commissioner Gregory C. Dozier as Respondent. See O.C.G.A. § 42-2-6 (identifying Commissioner as officer in charge of Georgia's penal institutions); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (identifying proper § 2254 respondent as state officer who has custody).

see also http://www.gaappeals.us/docket (follow docket hyperlink; search "Rambo"; click on A04A0680; last visited November 6, 2018). Petitioner also reports requesting state habeas corpus relief in the Superior Court of Hancock County in 2016, but he does not report filing any other requests for state or federal habeas corpus relief. (Id. at 2-4.) However, the Court is aware Petitioner filed a federal habeas corpus petition in 2010 challenging his 2000 conviction, arguing he received ineffective assistance of counsel from both his trial and appellate counsel, was denied due process, and the prosecution withheld evidence of perjured testimony. Id. at 6; see also Rambo v. Kemp, CV 110-146 (S.D. Ga. Oct. 29, 2010). Chief United States District Judge J. Randal Hall dismissed the petition as untimely. Id., doc. no. 9. Petitioner does not allege he requested a Certificate of Appealability to appeal to the Eleventh Circuit Court of Appeals. On September 21, 2018, Petitioner filed the instant request for federal habeas corpus relief, arguing his 2000 conviction is void because he is innocent. (See doc. no. 1, p. 5.)

## II.    DISCUSSION

Because Petitioner filed a prior application for a federal writ of habeas corpus, the current application successive. The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly

dismisses second and successive habeas corpus applications.  In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner has not been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition.  Without such authorization, this Court cannot consider Petitioner's claims.  See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564  (affirming dismissal of claims as successive because petitioner did not first file application with Eleventh Circuit).

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.  Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED**, Petitioner's motion for discovery and production of documents be **DENIED AS MOOT**, (doc. no. 3), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of November, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA